[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief. The parties intermarried at North Branford, Connecticut, on June 10, 1972, and have resided in this state for at least one year continuously prior to the commencement of this action.
There are three children issue of the marriage: Salvatore Zichichi, born March 28, 1977; Joseph Zichichi, born July 18, 1981; and Paula Zichichi, born January 15, 1985.
The evidence presented at trial has clearly established that the marriage of the parties has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has considered the criteria set forth in Sections46b-56, 46b-81, 46b-82, and 46b-84 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have entered into a stipulation concerning the custody of their three minor children. Pursuant to their agreement, the defendant-mother shall have sole legal custody of the aforementioned children. The plaintiff-father shall have reasonable and liberal visitation with the children. The court finds that their stipulation is in the best interests of the children. Custody is ordered pursuant to said stipulation.
The plaintiff is 41 years of age. He is a high school graduate and has had some college courses. His health is good.
At the present time he is the owner and sole stockholder of his own security alarm company, American Protective Services, Inc. On his financial affidavit dated April 23, 1993, he listed as his only income a salary of $500 per week from his company. He reported his net weekly income to be $433.29. On a previous financial affidavit dated August 7, 1991, reported an additional $200 per week "draw" from his company. The plaintiff testified at the trial that he no longer receives that "draw" which he stated was actually a systematic repayment to him of a loan previously made by him to the company.
The defendant is 40 years old. She is a high school graduate and is currently employed by the Greater New Haven Auto Exchange in a clerical capacity. Her gross weekly salary is $227 which provides her with a net weekly income of $190.
The only appreciable marital asset is the security business, CT Page 6921 American Protective Services, Inc. The court heard considerable evidence and testimony as to the value of the company and as to the defendant wife's personal contribution to it by way of personal services.
The business started out as a "kitchen table" operation run in part, out of the marital residence. The plaintiff devoted more than a full time effort in it, from obtaining the necessary licenses and acquiring clients, to developing the operating routine plus installations, servicing and sales.
The parties disagree as to the exact contributions of the defendant. The plaintiff seems to drastically minimize the defendant's participation. The defendant testified that from the onset she sought clients, answered phones day and night, and did the billing and the payroll from October 1984 until June 1987. She spent approximately 2 hours per day on billing and bookkeeping, sometimes more. She also monitored the client telephone, the essence of the company's service, days and evenings from 11:00 p.m. until 3:00 a.m. in the family home. For a period of time the telephone included a horn alarm which sounded throughout the house to summon her to the phone.
The defendant testified that she never received a salary or any other compensation from the company for her services. There was testimony that she did return to the office on one occasion and wrote herself a check for $1000.00 and on another occasion wrote herself a check for $10,000.00, without authorization. She testified that she used part of the money for a Florida trip with her children, doctor's bills and other expenses.
The company has grown appreciably since its start and, according to the plaintiff, did sales in 1992 in excess of $825,000. It has approximately 21 employees, and a fleet of nine vehicles, as well as a new computer system. It recently expanded its office space.
The court heard extensive testimony as to the current value of the business. Giving that testimony the weight and credibility which the court feels it deserves, the current value of the business is found to be approximately $400,000.00.
The court heard testimony that in addition to the income recorded by the company, there were numerous occasions when the plaintiff personally recevied [received] cash payments for installations CT Page 6922 and other work which he performed. That supplemental income benefited both parties prior to their separation.
In addition to the services rendered to the company, the defendant was the primary caretaker of the parties' three children throughout the marriage. She also maintained the family home with little, if any, assistance from the plaintiff.
The plaintiff removed himself from the marital residence in March, 1991, and soon thereafter took up residence with a female employee with whom he had been romantically involved for at least one year. That relationship reportedly ended in February, 1992.
The court finds the plaintiff's extramarital relationship to be a major factor in the breakdown of the marriage despite the plaintiff's testimony that almost two years before leaving he had told the defendant that their marriage was not "flourishing."
Having considered the evidence and testimony, the court enters the following orders.
CUSTODY AND VISITATION
The court awards sole legal custody of the parties' three minor children to the defendant mother. The father is awarded reasonable and liberal visitation.
SUPPORT
Using the support guidelines, the court finds that based upon the parties' net weekly incomes as indicated on their respective financial affidavits, the court finds the plaintiff's tentative support obligation to be $210.00 per week. He is ordered to pay that amount to the defendant. The plaintiff is to provide medical insurance for the benefit of the children. The parties are to share equally any uninsured or unreimbursed medical, dental or related health care expenses incurred by the children.
ALIMONY
The court orders the plaintiff to pay to the defendant periodic alimony in the amount $65.00 per week. That obligation shall continue until the occurrence of the first of the following events: the death of either party; the remarriage of the CT Page 6923 defendant, cohabitation by the defendant with an adult male, as per statute; or, January 15, 2003, the 18th birthday of the youngest child or his emancipation prior to that date.
PROPERTY ORDERS
The plaintiff is hereby ordered to convey to the defendant as lump sum property distribution the sum of $140,000.00, which represents 40% of the value of American Protective Services, Inc. as previously found by this court.
The plaintiff is to pay that obligation in installments of $5,000.00, the first to be made within 90 days from the date of this judgment. Payments of $5,000.00 shall then be made every year on the anniversary date of this judgment, commencing in 1994, and shall continue until the entire obligation is satisfied. No interest shall accrue on this debt unless the plaintiff refuses to make such payments without good cause.
To secure this obligation the defendant shall have an equitable lien on 40% of the outstanding shares of American Protective Services, Inc. stock.
The obligation shall become payable in full upon the sale or other disposition of the company.
The plaintiff is to be solely responsible for and hold the defendant harmless from the $25,000.00 obligation to Centerbank listed on his current financial affidavit.
The parties are responsible for their respective counsel fees and fees for expert testimony.
Having found the marriage to be broken down irretrievably, the court enters a judgment that the marriage is dissolved and the parties are single and unmarried.
BY THE COURT
Joseph W. Doherty, Judge CT Page 6924
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 6924-J